UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

| | |
|---|---|
| TADEUSZ KOWALEWSKI, NICHOLAS KLIMIUK, OLEG LOGUNOVSKI and STANISLAW PUCHALA, individually and on behalf of other similarly situated, | Defendants' Answer and Counterclaims to Complaint |
| Plaintiffs, | |
| v. | Civil Action No. 07 CIV 6706 |
| RUDOLF SAMANDAROV a/k/a RUDY SAMANDAROV, GROUP AMERICAR TRANSPORTATION LLC, BC LEASING, CORP. and individual partners of corporate defendants, | (KMK) (MHD) |
| Defendants. | |

---------------------------------------------------------------

Defendants Rudolf Samandarov a/k/a Rudy Samandarov ("Samandarov"), Group Americar Transportation LLC ("Americar"), BC Leasing Corp. ("BC Leasing") and individual partners of corporate defendants by their attorney Eric B. Kaviar answer the complaint as follows:

1.  Denies each and every allegation contained in paragraphs 1, 2, 3, 12, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 , 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136 and 137.

2.  Denies knowledge and information to form a belief as to paragraphs 4, 5, 6 and 7.

3.      Denies each and every allegation contained in paragraphs 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20 and 21 except admits that Americar filed annual franchise offering circulars pursuant to laws of the State of New York and entered into Subscription Agreements with each plaintiff which documents speak for themself.

FIRST AFFIRMATIVE DEFENSE

4.      Each Subscription Agreement entered into between plaintiffs and Americar by its respective paragraph 20 entitled "Arbitration; Waiver of Trial by Jury" provides:

> a) The sole and exclusive method of resolving any claim or controversy whatsoever between the Company, its Affiliates, and their respective officers, directors, other agents, employees and shareholders on the other hand, unless otherwise specified in this Subscription Agreement, shall be binding arbitration according to the procedures set forth in this section. Disputes which shall be subject to binding arbitration are: (I) the amount of payment for or deduction from Subscriber's voucher payments; (ii) any monetary fine assessed against a Subscriber pursuant to Rules and Regulations promulgated under this Subscription Agreement; and (iii) any claim for discrimination of work offered to Subscriber or Subscriber's driver. The procedure to be followed by the Subscriber with respect to any controversy set forth in subsection (I), (ii) or (iii) of this paragraph shall be the following: in each instance, Subscriber shall first submit such claim or controversy to the Appeals Committee of the Company, and if the aggrieved Subscriber is not satisfied by the decision of the Appeals Committee of the Company, then Subscriber shall submit the same to binding arbitration conducted by a single arbitrator and administered by the American Arbitration Association under its Commercial Arbitration Rules, or by such other independent and impartial organization as may be designated by the Company, and the determination rendered by the arbitrator shall be final and may be entered in any court having jurisdiction over the parties. In any claim or controversy not within the scope of subsection (I), (ii) or (iii) of this paragraph, submission to the Appeals Committee of the Company shall not be required. In any arbitration hereunder, each party shall bear its own expenses, including legal fees; provided, however, that in the event the Subscriber recovers more than two-third of the amount of controversy, the Company shall reimburse the Subscriber's filing fees but no other expenses or fees. An arbitrator shall have the authority to award compensatory damages only. This section shall not apply to: (I) any claim or cause brought by the Company to enforce a non-competition agreement between the parties herein; (ii) any claim or cause arising from or in connection with the termination of this Subscription Agreement, and (iii) any claim or cause arising from or in connection with the suspension of the use of this Subscription by the Subscriber. Each claim or controversy required to be arbitrated pursuant to this

2

provision must be submitted in writing first to the Appeal Committee of the Company within sixty (60) days after the date the claim or controversy arose (if such submission is required), and must be submitted to arbitration in accordance with the applicable arbitration rules within one hundred and eighty (180) days after the date the Appeal Committee of the Company renders its final determination of such claim or controversy or within 180 days from the date the claim or controversy arose if submission to the Appeal Committee of the Company is not required by this section.  These limitations on the time for submitting claims and controversies shall be applicable to such claims and controversies notwithstanding any longer period that may be provided by statute or the Commercial Arbitration Rules, and failure to submit such claims and controversies in a timely manner shall be a complete bar to such claims or controversies."

5. This court is not the proper forum to resolve the dispute herein, rather it should be resolved by Arbitration pursuant to the applicable provision in the parties Subscription Agreement.

## SECOND AFFIRMATIVE DEFENSE

6. Statue of Limitations.

## THIRD AFFIRMATIVE DEFENSE

7. Plaintiffs failed to state their allegations of fraud with particularity pursuant to FRCP 9(b).

## FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff Tadeusz Kowalewski ("Kowalewski") prior to the commencement of the above captioned action commenced an action in the Civil Court of the City of New York in the County of New York under Index No. 034879 CVN 2007 ("NYC Civil action") against the defendants herein wherein Kowalewski seeks damages caused to person, failure to pay for wages, failure to pay for insurance claim, breach of contract and loss of time from work, and seeks damages of $23,139.  Upon information and belief the same facts and/or claims asserted in the NYC Civil action are stated herein.

## FIFTH AFFIRMATIVE DEFENSE

9.      Certification is inappropriate as the alleged class is not to numerous.

## SIXTH AFFIRMATIVE DEFENSE

10.     Paragraphs 67 through 73 of the complaint as to Kowalewski's alleged experience is inaccurate as follows. Kowalewski never owned the 2003 Lincoln Town Car. BC Leasing and Kowalewski entered into a verbal agreement whereby Kowalewski rented the 2003 Lincoln Town Car at $170.00 per week. In the event he made all the weekly payments for 105 week he would have the option to purchase this vehicle for $1.00. Kowalewski never made all of the 105 weekly payments. Rather prior to the 105 weekly payments being made Kowalewski returned the vehicle to BC Leasing. The vehicle was at all relevant times listed in the certificate of title as the owner being BC Leasing. At Kowalewski's request the vehicle identified by VIN #: 1LNHM84W93Y606435 was registered under Kowalewski's name in order that he could transfer the remaining portion of his liability insurance he had on a prior vehicle so that Kowalewski could save money. As part of the rental agreement Kowalewski was responsible to make all payments for the operation of this vehicle as well as make the weekly rental payments.

## FIRST COUNTERCLAIM

11.     On or about July 1, 2004 Kowalewski requested a loan from the League of Mutual Taxi Owners, Inc. ("LOMTO") for $10,096. Kowalewski's account number was 2097767. LOMTO agreed to grant this loan only upon the condition that Samandarov, Americar and BC Leasing guarantee the repayment of this loan. Kowalewski agreed in writing to repay this loan by Americar deducting $85.00 per week from his voucher

check issued by Americar from Kowalewski's earnings. Kowalewski failed to make the payments on this loan leaving an outstanding balance of $5,185.

12. Defendants have continued to make these payments pursuant to the guarantees.

13. Defendants have been damaged by Kowalewski in the sum of $5,185.

SECOND COUNTERCLAIM

14. On August 30, 2004 Kowalewski requested that Americar issue to him a loan for $500.

15. Americar issued Kowalewski this loan under a check number 486.

16. Kowalewski has not completely repaid this loan.

17. On or about September 28, 2004 Kowalewski met with Samadarov. Kowalewski stated that he was in default in his home mortgage in Pennsylvania. Kowalewski told Samandarov that if Kowalewski did not receive a loan for $5,118.46 he would be in default of his home mortgage and he would lose his home by foreclosure, he would have no place for him and his family to live. Mr. Kowalewski was very persuasive with Samandarov as to Kowalewski's percarious position as to his home mortgage. Samandarov agreed to lend this money through Americar make this payment for Kowalewskis's home mortgage. Americar made the payment to Kowalewski's mortgage company Countrywide Home Loan in the sum of $5,118.46. Kowalewski promised to repay this amount to Americar but Kowalewsi has not completely done so. The check issued by Americar on behalf of Kowalewski for Kowalewski's home mortgage was check number 596. The section of the check in its memo states "Tadeusz Kowalewski 005761598" which is the account number that Kowalewski provided to Samandarov for Kowalewski's home mortgage. By reason of the foregoing Americar has been damaged.

18.     On January 6, 2005 Kowalewski requested from Americar another loan this time for $1,000. Americar issued him this loan under a check number 1011. Kowalewski has not completely repaid this loan and Americar has been damaged.

19.     On January 19, 2005 Kowalewski requested another loan from Americar, this time for $600. Americar issued him a loan by check number 1093 for the $600 requested. Kowalewski has not completely repaid this loan. Americar was damaged.

20.     On February 9, 2005 Kowalewski requested another loan from Americar for $2,300. Kowalewski was issued under check number 1211 the sum of $2,300. Amreicar has not been completely repaid this amount and has been damaged.

21.     On March 21, 2005 Kowalewski requested another loan from Americar in the sum of $1,700. Americar issued to him check number 11418, in the sum of $1,700. This loan has not been completely repaid and Americar has been damaged.

22.      On July 11, 2005 Kowalewski requested Americar to pay for repairs for his rented vehicle to the company of ORSAP Taxi Repair Inc. ("ORSAP") $119.22. Americar issued ORSAP check for $119.22. Americar has not been completely repaid and is damage.

23.     On July 11, 2005 Kowalewski requested Americar to pay for repairs for his vehicle to the company of ORSAP for $1,127.10. Americar issued ORSAP check number 12097 for the $1,127.10 debt. Americar has not been completely repaid and is damaged.

24.     On July 20, 2005 Kowalewski requested Americar to pay for repairs for his vehicle to ORSAP for $180. Americar issued ORSAP check number 12202 for the $180 debt. Americar has not been completely repaid and is damaged.

25. On November 28, 2005 Kowalewski requested a loan from Americar in the sum of $1,000. Americar issued him a check under number 4540 for this loan. Kowalewski has not completely repaid this loan and is damaged.

26. On March 30, 2006 Kowalewski requested Americar to issue him a loan in the sum of $2,400. Americar issued Kowalewski this loan by check number 13780. The amount of $2,400 has not been completely repaid and Americar is damaged.

27. On July 21, 2006 Kowalewski requested that Americar pay for repair work at Concord Auto Center for his rented vehicle in the sum of $1,514.04. Americar issued check number 14493 to Concord Auto Center to pay for work on the vehicle that Kowalewski was responsible for. Kowalewski has not completely repaid this debt to Americar and Americar has been damaged.

28. By reason of the foregoing Kowalewski owes Americar the sum of at least $3,185.76.

## THIRD COUNTERCLAIM

29. Kowalewski requested that Americar pay the insurance premiums for the vehicle he was renting. Kowalewski authorized Americar to deduct amounts from his voucher in order to repay this debt.

30. During the time that Kowalewski was operating this vehicle Americar issued reimbursement checks to insurance carriers Prompt Insurance and West Point Surety for the total amount of $9,089.58.

31. Americar collected from Kowalewski for this insurance debt the sum of $7,037.76.

7

32. The difference that Kowalewski still owes to Americar for the insurance premiums is $2,051.81.

33. By reason of the foregoing Americar has been damaged in the sum of $2,051.81.

## FOURTH COUNTERCLAIM

34. In July of 2005 Plaintiff Stanislaw Puchala ("Puchala") entered into the Subscription Agreement with Americar.

35. Pursuant to the Subscription Agreement he was required to pay the subscription fee of $10,000.

36. Puchala agreed to pay this amount overtime plus interest whereby the total amount due would be $12,792.

37. To date he has paid $8,036.

38. There remains due and owing to Americar for the subscription fee of which Puchala has not made in the sum of $4,756.

## FIFTH COUNTERCLAIM

39. On December 7, 2004 Plaintiff Nicholas Klimiuk ("Klimiuk") requested from LOMTO a loan of $10,096 under account number 2099159. LOMTO would only issue this loan in the event that the defendants guaranteed the repayment of this loan. In consideration of the defendants' guaranteeing this loan LOMTO issued Klimiuk the loan of $10,096. Defendants agreed to guarantee this loan conditioned upon Klimiuk paying this loan with interest, so that the interest and principal of this loan would be $12,792.

40. Klimiuk failed to make timely payments on this loan. He has only paid towards this loan $2,460.

41. Americar has been making payment on this loan to LOMTO. Americar is now damaged in the sum of $10,333.

42. By reason of the foregoing Klimiuk owes Americar the sum of $10,333.

## SIXTH COUNTERCLAIM

43. Klimiuk requested from Americar that insurance was obtained by Americar for the vehicle that he was using. These amounts were paid directly by Americar totaling the sum of $11,705.

44. Klimiuk paid a portion of these payments for this insurance, that being $2,190.08.

45. Americar has been damaged by Klimiuk's failure to reimburse Americar for the insurance paid for the vehicle whereby a debt remains due and owe from Klimiuk to Americar in the sum of $9,585.92.

## SEVENTH COUNTERCLAIM

46. On February 3, 2005 Klimiuk requested from Americar a loan for $400.

47. Americar issued Klimiuk check under number 1162 for this loan for $400.

48. This loan has not been repaid and a debt remains due and owing to Americar in the sum of $400.

## EIGHTH COUNTERCLAIM

49. During the time that Klimiuk was operating his vehicle he was issued motor vehicle violations from the City of New York. Americar paid these traffic violations. One is for $70 which Americar paid by check number 11389 on March 16, 2005; another was paid by Americar on August 12, 2005 pursuant to check number 12330 to the City of New York for $100 on behalf of Klimiuk; on August 31, 2005 Americar issued another

check under number 12463 to the City of New York in the sum of $50 also due to a violation by Klimiuk for traffic violation.

50.  By reason of the foregoing Americar was damaged in the sum of $220.

NINTH COUNTERCLAIM

51.  On October 7, 2004 Americar issued a check to Tower Auto Group for the purchase of a vehicle on behalf of Klimiuk with the agreement that Klimiuk would repay this amount due.

52.  Klimiuk has not repaid this amount due and there remains due and owing to Americar the sum of $3,200.

WHEREFORE, it is respectfully requested that the Court entered judgment against the plaintiffs as follows:  a. dismiss the action, b. in the event the court does not dismiss the action, then stay all proceeding until the arbitration has been completed, c. as to the first counterclaim against Kowalewski for damages in the sum of $5,185, d. as to the second counterclaim against Kowalewski for damages in the sum of $500, e. as to the third counterclaim against Kowalewski for damages in the sum of $3,185.76, f. as to the fourth counterclaim against Pauchala for damages in the sum of $4,756, g. as to the fifth counterclaim against Klimiuk for damages in the sum of $10,333, h. as to the sixth counterclaim against Klimiuk for damages in the sum of $9,585.92, i. as to the seventh counterclaim against Klimiuk for damages in the sum of $400, j. as to the eighth counterclaim against Klimiuk for damages in the sum of $220, k. as to the ninth counterclaim against Klimiuk for damages in the sum of $3,200, such other and further relief and attorney fees as the court may deem just and proper.

Dated:   Brooklyn, NY
         September 6,, 2007                       By: s/ Eric B. Kaviar ek0557
                                                  Eric B. Kaviar, Esq.
                                                  Attorney for Defendants
                                                  712 Third Avenue
                                                  Brooklyn, New York 11232
                                                  (718) 965-6146

To:   Marina Trubitsky, Esq.
      Attorney for Plaintiffs
      11 Broadway, Suite 861
      New York, New York 10004
      (212) 732-7707

      defendantsanswerkowalewski

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
TADEUSZ KOWALEWSKI, NICHOLAS
KLIMIUK, OLEG LOGUNOVSKI and
STANISLAW PUCHALA, individually and on             Certification of Service
behalf of other similarly situated,

        Plaintiffs,

                                                   Civil Action No.
        v.                                        07 CIV 6706

RUDOLF SAMANDAROV a/k/a RUDY                       (KMK) (MHD)
SAMANDAROV, GROUP AMERICAR
TRANSPORTATION LLC, BC LEASING,
CORP. and individual partners of corporate
defendants,

        Defendants.
-------------------------------------------------------------
State of New York    )
                       )
County of Westchester  )

        Eric B. Kaviar certifies that on September 6, 2007 I served a true copy of the annexed Defendants' Answer and Counterclaims to Complaint by depositing a true copy of same with the proper postage addressed to Marina Trubitsky, Esq.,11 Broadway, Suite 861 New York, New York 10004


Dated  September 6, 2007                            s/Eric B. Kaviar  EK0557