UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TADEUSZ KOWALEWSKI, NICHOLAS KLIMIUK, OLEG LOGUNOVSKI and STANISLAW PUCHALA, individually and on behalf of other similarly situated,

Plaintiffs,

v.

RUDOLF SAMANDAROV a/k/a RUDY SAMANDAROV, GROUP AMERICAR TRANSPORTATION LLC, BC LEASING, CORP. and individual partners of corporate defendants,

Defendants.

---

Civil Action No.
07 CIV 6706

(RJS)

MEMORANDUM OF LAW

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| 1. | TABLE OF AUTHORITIES | 3 |
| 2. | PRELIMINARY STATEMENT | 5 |
| 3. | ARBITRATION IS FAVORED BY THE COURTS | 6 |
| | First Arbitration Issue | 7 |
| | Second Arbitration Issue | 8 |
| | Third Arbitration Issue | 10 |
| | Fourth Arbitration Issue | 10 |
| 4. | THE FEDERAL ARBITRATION ACT (FAA) APPLIES HEREIN | 10 |
| 5. | CONCLUSION | 13 |

# 1. TABLE OF AUTHORITIES

Cases


Page

1. *Abouzeid v Grgas*
295 AD 2d 376, 743 NYS 2d 165 (2nd Dep't 2002)............................................ 12

2. *Centra Industries Inc. v McGuirewoods LLP*,
270 F. Supp. 2d 386 (SDNY 2003)........................................................................ 6

3. *Coffer v Service Mangement Company*
2003 WL 22493425 (SDNY)..................................................................................... 6

4. *Gilmer v Interstate Johnson Lane Corp.*
500 US 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26 (1991) .......................... 11

5. *Hale v First USA Bank, NA*
2001 WL 687371 SDNY (Index No. 00CIV5406JGK)......................................... 6

6. *Hartford Accident & Indem. Co. V Swiss Reinsuranc Am Corp*
246 F3d 219, 226 (2d Cir 2001)............................................................................ 6

7. *Holcomb v TWR Express, Inc.*
11 AD 3d 513, 782 NYS 2d 840 (2nd Dep't 2004)............................................... 12

8. *Kuchinski v Charge & Ride, Inc.*,
21 AD 3d 1062, 1064, 803 NYS 2d 596 (2nd Dep't 2005).................................. 12

9. *Lewis Tree Service Inc. v Lucent Technologies Inc.*,
239 F. Supp. 2d 332 (SDNY 2002) ..................................................................... 8

10. *Mosca v Doctors Associates Inc.*,
852 F. Supp 152 (EDNY 1993) ........................................................................... 6, 9, 10

11. *Network Cinema Corp. v Glassburn*,
357 F. Supp 169 (SDNY 1973) ........................................................................... 6

12. *Owner-Operator Independent Drivers Association, Inc. v Swift Transportation Co., Inc.*
288 F. Supp. 2d 1033(D. Ariz 2003) .................................................................. 11, 12

13. *Sears Roebuck and Company v Glenwal Company*,
325 F. Supp. 86 (SDNY 1970)............................................................................. 6

14. *Upstate Shredding v Carloss Well Supply Co.*,
84 F Supp. 2d 357 (NDNY) .......... 6

15. *Valbes v Swift Transportation Co., Inc.*
292 F. Supp. 2d 524 (SDNY 2003) .......... 13

Statutes

16. 9 USC 1 .......... 11

17. 9 USC 2 .......... 11

18. 9 USC 3 .......... 10

19. 18 USC 1962 (b) .......... 10

20. 18 USC 1962 © .......... 10

21. CPLR 7503 .......... 6

## 2. PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants Rudolf Samandarov ("Samandarov"), Group Americar Transportation LLC ("Americar") and BC Leasing Corp. ("BC Leasing") in support of their motion to dismiss the complaint based upon the fact that the parties agreed to submit disputes between them by arbitration.

The facts in this case are as follows. Samandarov has been a member of the vehicle transportation business since 1984, which is governed by the New York City Taxi and Limousine Commission ("TLC"). In 1984 he formed a Base Facility in Brooklyn, New York. In 2003 he sold his interest in this Base Facility and the following year formed a second Base Facility, Americar.

Americar is licensed by TLC as a Base Facility to dispatch TLC licensed drivers ("For Hire" drivers) to pick up and transport individuals in the New York City area. Since its inception Americar annually files its franchise prospectus to operate as a franchisor with the New York State Attorney General's office. Pursuant to separate Subscription Agreements Americar entered into business relationship with Plaintiffs Tadeusz Kowalewski ("Kowalewski"), Nicholas Klimiuk ("Klimiuk"), Oleg Logunovski ("Logunovski") and Stanislaw Puchala ("Puchala"). See paragraphs 67 as to Kowalewski, paragraph 74 as to Logunovski, paragraph 80 as to Logunovski and paragraph 88 as to Puchala of their complaint. Paragraph 20 of each Subscription Agreement entitled "Arbitration: Waiver of Trial by Jury" states, in part, "The sole and exclusive method of resolving any claim or controversy whatsoever between the company, its Affiliates, and their respective officers, directors, other agents, employees and shareholders on the other hand, unless otherwise specified in this Subscription Agreement, shall be binding arbitration according to the

procedures set forth in this section."

On August 8, 2007 pursuant to Section 306 of the Business Corporation Law plaintiffs served Secretary of State, BC Leasing and Americar. On August 21, 2007, Samandarov was served with the complaint. On September 6, 2007, Defendants served and filed their answer and counterclaims.

3. ARBITRATION IS FAVORED BY THE COURTS

The Federal Courts favor alternative dispute resolution or arbitration under the Federal Arbitration Act ("FAA") or under New York law pursuant to CPLR 7503 in stead of litigation through the traditional court system. *Coffer v Service Management Company 2003 WL 22493425 (SDNY), Hartford Accident & Indem. Co. v Swiss Reinsuranc Am Corp 246 F3d 219, 226 (2d Cir 2001).* In deciding whether or not this case should be arbitrated, this court should analyze four issues. The first issue is whether the parties agreed to arbitrate. The second issue is to determine the scope of that agreement to arbitrate. The third issue is if a federal statutory claims have been asserted, and whether Congress intended those claims to be nonarbitrable. The fourth issue is if the court concludes that some, but not all, of the claims in the case are arbitrable, the Court must then decide whether to stay the balance of the proceedings pending arbitration. See *Hale v First USA Bank, NA* 2001 WL 687371 SDNY (Index No. 00CIV5406JGK), *Centra Industries Inc. v McGuirewoods LLP*, 270 F. Supp. 2d 386 (SDNY 2003), *Network Cinema Corp. v Glassburn*, 357 F. Supp 169 (SDNY 1973), *Upstate Shredding v Carloss Well Supply Co.*, 84 F Supp. 2d 357 (NDNY), *Mosca v Doctors Associates Inc.*, 852 F. Supp 152 (EDNY 1993), *Sears Roebuck and Company v Glenwal Company*, 325 F. Supp. 86 (SDNY 1970).

a. First Arbitration Issue

Herein the complaint acknowledges that each plaintiff entered into the applicable Subscription Agreement. See paragraph 67 as to Kowalewski, paragraph 74 as to Logunovski, paragraph 80 as to Logunovski and paragraph 88 as to Puchala of the complaint. Copies of the plaintiffs' Subscription Agreements are attached to the moving papers. As such each plaintiff admitted that they agreed as part of he Subscription Agreement that in the event of a dispute between the parties that such dispute would be resolved by arbitration with only three exceptions that are not applicable herein. Paragraph 20 of each of plaintiff's Subscription Agreemenst entitled "Arbitration: Waiver of Trial by Jury" provides as follows:

> a) The sole and exclusive method of resolving any claim or controversy whatsoever between the Company, its Affiliates, and their respective officers, directors, other agents, employees and shareholders on the other hand, unless otherwise specified in this Subscription Agreement, shall be binding arbitration according to the procedures set forth in this section. Disputes which shall be subject to binding arbitration are: (I) the amount of payment for or deduction from Subscriber's voucher payments; (ii) any monetary fine assessed against a Subscriber pursuant to Rules and Regulations promulgated under this Subscription Agreement; and (iii) any claim for discrimination of work offered to Subscriber or Subscriber's driver. The procedure to be followed by the Subscriber with respect to any controversy set forth in subsection (I), (ii) or (iii) of this paragraph shall be the following: in each instance, Subscriber shall first submit such claim or controversy to the Appeals Committee of the Company, and if the aggrieved Subscriber is not satisfied by the decision of the Appeals Committee of the Company, then Subscriber shall submit the same to binding arbitration conducted by a single arbitrator and administered by the American Arbitration Association under its Commercial Arbitration Rules, or by such other independent and impartial organization as may be designated by the Company, and the determination rendered by the arbitrator shall be final and may be entered in any court having jurisdiction over the parties. In any claim or controversy not within the scope of subsection (I), (ii) or (iii) of this paragraph, submission to the Appeals Committee of the Company shall not be required. In any arbitration hereunder, each party shall bear its own expenses, including legal fees; provided, however, that in the event the Subscriber recovers more than two-third of the amount of controversy, the Company shall reimburse the Subscriber's filing fees but no other expenses or fees. An arbitrator shall have the authority to award compensatory damages only. This section shall not apply to: (I) any claim or cause brought by the

> Company to enforce a non-competition agreement between the parties herein; (ii) any claim or cause arising from or in connection with the termination of this Subscription Agreement, and (iii) any claim or cause arising from or in connection with the suspension of the use of this Subscription by the Subscriber. Each claim or controversy required to be arbitrated pursuant to this provision must be submitted in writing first to the Appeal Committee of the Company within sixty (60) days after the date the claim or controversy arose (if such submission is required), and must be submitted to arbitration in accordance with the applicable arbitration rules within one hundred and eighty (180) days after the date the Appeal Committee of the Company renders its final determination of such claim or controversy or within 180 days from the date the claim or controversy arose if submission to the Appeal Committee of the Company is not required by this section. These limitations on the time for submitting claims and controversies shall be applicable to such claims and controversies notwithstanding any longer period that may be provided by statute or the Commercial Arbitration Rules, and failure to submit such claims and controversies in a timely manner shall be a complete bar to such claims or controversies."

Thus the parties agreed to arbitration.

b. Second Arbitration Issue

Paragraph 20 of each Subscription Agreement specifically states, in part, that "The sole and exclusive method of resolving any claim or controversy whatsoever between the company, its affiliates and their respective officers otherwise specified in the Subscription Agreement shall be binding arbitration according to the procedures set forth in this section." Emphasis added.

The plaintiffs' claim for class action litigation under paragraphs 37 through 45 of the complaint is included under the categories listed in the arbitration clause of the parties Subscription Agreement. This court has previously held that a claimed grievance seeking class action is subject to enforcement by arbitration. See *Lewis Tree Service Inc. v Lucent Technologies Inc.* 239 F. Supp. 2d 332 (SDNY 2002) wherein the court stated, "Federal courts have also consistently enforced arbitration provisions in the context of class action lawsuits when federal statutory claims have been at issue." Id at 338. Herein plaintiffs seek enforcement of

federal statutory claim of alleged violations of Racketeer Influenced Corrupt Organizations Act ("RICO") under 18 USC Sections 1962© and (b). See paragraphs 46 to 61 and 92 to 107 (First Cause of Action) of the complaint. In *Mosca v Doctors Associates Inc.* 852 F Supp 152 (EDNY 1993) the plaintiff therein sought, among things, relief from 18 USC Sections 1962(b) and © as the plaintiffs herein. In *Mosca* the District Court granted the motion to dismiss in favor of arbitration of the claims and stated, "As to RICO claims, the Supreme Court has held that there was no intention of Congress to exclude RICO claims from the FAA's requirements and that there is no inherent conflict between the FAA and RICO. Id at155. Plaintiffs remaining allegations for deceptive trade practices in paragraphs 108 to 118 in the second cause of action, the claim for fraudulent inducement regarding the sale of the radio in paragraphs 119 to 123 in the third cause of action the claim of breach of contract in paragraphs 124 to 131 in the fourth cause of action, the claim for fraud in paragraphs 132 to 137 in the fifth cause of action overlap the RICO claims and should be heard before the same trier of fact. I submit that these claims should be heard before the American Arbitration Association as the parties agreed pursuant to paragraph 20 of their respective Subscription Agreements.

The exclusions contained in paragraph 20 of the Subscription Agreement as to arbitration are not applicable in this action. These exclusions are, "This section shall not apply to: (I) any claim or cause brought by the Company to enforce a non-competition agreement between the parties herein; (ii) any claim or cause arising from or in connection with the termination of this Subscription Agreement, and (iii) any claim or cause arising from or in connection with the suspension of the use of this Subscription by the Subscriber." None of these exclusions are alleged in the complaint.

Thus the second issue as to the scope of the agreement to arbitrate applies herein and the issues raised by the plaintiffs should be subject to arbitration.

c. Third Arbitration Issue

The third issue is whether a federal statutory claim has been asserted, and whether Congress intended those claims to be nonarbitrable. Plaintiffs asserted a federal statutory claim, 18 USC Sections 1962(b) and © ("RICO"). See paragraphs 46 to 61 and 92 to 107 (First Cause of Action) of the complaint. In *Mosca v Doctors Associates Inc.* 852 F Supp 152 (EDNY 1993) the plaintiff therein sought among things relief from 18 USC Sections 1962(b) and © as the plaintiffs herein. In *Mosca* the District Court granted the motion to dismiss in favor of arbitration of all claims and stated, "As to RICO claims, the Supreme Court has held that there was no intention of Congress to exclude RICO claims from the FAA's requirements and that there is no inherent conflict between the FAA and RICO. Id at155. As such there is a federal statutory claim herein and Congress has not intended it to be nonarbitrable. Thus the third issue should be held in favor of arbitration herein.

d. Fourth Arbitration Issue

The fourth issue is, if the court concludes that some, but not all, of the claims are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. It is submitted that the issues raised by the plaintiffs are subject to arbitration. Thus there is no need to stay the balance of the proceedings pending arbitration as the entire matter may be resolved by arbitration.

4. THE FEDERAL ARBITRATION ACT (FAA) APPLIES HEREIN

9 USC Section 3 of the FAA provides:

> "Stay of proceedings where issue therein referable to arbitration.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding this such arbitration."

9 USC Section 2 of the FAA further provides:

> "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract."

9 USC Section 1 of the FAA further provides:

> "Maritime transactions" and "commerce" defined; exceptions to operation of title. "Maritime transactions", as herein defined means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collision, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; "commerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."

In *Owner-Operator Independent Drivers Association, Inc. v Swift Transportation Co., Inc.* 288 F. Supp. 2d 1033(D. Ariz 2003) the Court analyzed the 9 USC Section 1 exclusion as to workers engaged in interstate commerce. The Arizona District Court noted that the plaintiffs have the burden of establishing that the FAA does not apply to arbitration claims. In *Gilmer v Interstate Johnson Lane Corp.* 500 US 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26 (1991)

the court stated that "Given the strong and liberal federal policy favoring arbitral dispute resolution, the Court can not conclude on this record that section 1 bars the enforcement of the arbitration provision at issue." 288 F. Supp. 2d at 1035, 1036. The Court in *Owner-Operator Independent Drivers* determined that the plaintiffs were "independent contractors" and not employees and thus the exclusion from the applicability of the FAA interstate commerce workers does not apply.

Herein the plaintiffs Kowalewski, Klimiuk, Logunovski and Puchala entered into the Subscription Agreements. Paragraph 6 of each of the plaintiffs' Subscription Agreements states:

> "Independent Contractor. The subscriber is and shall remain an independent contractor and shall not be deemed to be an employee or agent of the Company. The Subscriber shall at all times be free from the control or direction of the Company in the operation of the Subscriber's vehicle and the Company shall not supervise or direct the services to be performed by the Subscriber, except as specifically otherwise set forth herein. As an independent contractor, the Subscriber shall be responsible, *inter alia*, for obtaining and paying for government licenses and permits required for the operation of Subscriber's vehicle, oil, gas, vehicle repairs, insurance, traffic and parking violations, and other items required for the operation of the Subscriber's business."

Each plaintiff received from the Americar 1099's at the end of each tax year and not a W-2. Americar did not withhold taxes on their behalf and did not have a pension plan nor provide vacation benefits. Each plaintiff decided when and where he would work each day.

The issue of whether or not owner/drivers such as plaintiffs in the Black Car industry are independent contractors has been litigated in the New York State Courts. The New York State Courts held that such drivers are independent contractors. See *Kuchinski v Charge & Ride Inc.*, 21 AD 3d 1062, 1064, 803 NYS 2d 596 (2nd Dep't 2005), *Holcomb v TWR Express, Inc.* 11 AD 3d 513, 782 NYS 2d 840 (2nd Dep't 2004) and *Abouzeid v Grgas* 295 AD 2d 376, 743 NYS 2d 165 (2nd Dep't 2002).

It is respectfully submitted that the plaintiffs were independent contractors operating in the Black Car industry in New York City. Thus, the exclusion to the FAA as workers engaged in interstate commerce does not apply herein. However even if the FAA does not apply herein, this case is still appropriate for arbitration under New York State Law. See *Valbes v Swift Transportation Co., Inc.* 292 F. Supp. 2d 524 (SDNY 2003).

## 5. CONCLUSION

By reason of the foregoing it is respectfully submitted that the complaint should be either dismissed or this action stayed while the issues are arbitrated before the American Arbitration Association, which is the proper forum.

Dated: October 26 2007

Eric B. Kaviar, Esq.
EK 0557
Attorney for Defendants
Rudolf Samandarov a/k/a Rudy
Samandarov, Group Americar
Transportation LLC and
BC Leasing, Corp.
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146

To: Marina Trubitsky and Associates PLLC
Attorney for Plaintiffs
11 Broadway, Suite 861
New York, New York 10004
(212) 732-7707

memorandumoflawkowalewski1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TADEUSZ KOWALEWSKI, NICHOLAS KLIMIUK, OLEG LOGUNOVSKI and STANISLAW PUCHALA, individually and on behalf of other similarly situated,

Plaintiffs,

v.

RUDOLF SAMANDAROV a/k/a RUDY SAMANDAROV, GROUP AMERICAR TRANSPORTATION LLC, BC LEASING, CORP. and individual partners of corporate defendants,

Defendants.

---

Affidavit of Service

Civil Action No.
07 CIV 6706

State of New York )
County of Kings ) ss.:

Eric B. Kaviar an attorney duly admitted to the Courts of New York state, affirms under the penalties of perjury as follows:

On October 26, 2007 I served on behalf of the defendants its Memorandum of Law by depositing a true copy thereof enclosed in a postage-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service in New York State to:

Marina Trubitsky and Associates PLLC
11 Broadway, Suite 861
New York, New York 10004

By: [signature]
Eric B. Kaviar

Sworn to before me on
October 26 2007

[signature]
Notary Public

LILIYA KURAS
Notary Public, State of New York
No. 01KU6054109
Qualified in Kings County
Commission Expires January 29, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civil Action No. 07 CIV 6706

---

TADEUSZ KOWALEWSKI, NICHOLAS KLIMIUK, OLEG LOGUNOVSKI and STANISLAW PUCHALA, individually and on behalf of other similarly situated,

Plaintiffs,

v.

RUDOLF SAMANDAROV a/k/a RUDY SAMANDAROV, GROUP AMERICAR TRANSPORTATION LLC, BC LEASING, CORP. and individual partners of corporate defendants,

Defendants.

---

MEMORANDUM OF LAW

---

Eric B. Kaviar, Esq.
Attorney for Defendants
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146

---

Marina Trubitsky and Associates PLLC
Attorneys for Plaintiffs
11 Broadway, Suite 861
New York, New York 10004
(212) 732-7077