UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

TADEUSZ KOWALEWSKI, NICHOLAS
KLIMIUK, OLEG LOGUNOVSKI and
STANISLAW PUCHALA, individually and on         Reply Brief
behalf of other similarly situated,

        Plaintiffs,

                                              Civil Action No.
  v.                                      07 CIV 6706

RUDOLF SAMANDAROV a/k/a RUDY                   (RJS)
SAMANDAROV, GROUP AMERICAR
TRANSPORTATION LLC, BC LEASING,
CORP. and individual partners of corporate
defendants,

        Defendants.
---------------------------------------------------------------

This reply brief is submitted in response to the memorandum of law dated November 21, 2007, in support of plaintiffs' opposition to defendants' motion to dismiss the complaint.

Reply Point 1
<u>No False Statements Alleged to Induce Plaintiffs to Enter the Arbitration Clause</u>

Plaintiffs claim that they did not agree to arbitrate their claims; however each plaintiff in the complaint said they entered into the Subscription Agreement on various dates and it is undisputed that the Subscription Agreements by paragraph 20 contains the arbitration clause that is the basis of defendants' motion to dismiss. Plaintiffs argue that though they entered into the Subscription Agreement they should be relieved of their prior agreement to do so, as it is unfair, achieved by fraud, that there were no alternatives for the plaintiffs, but to enter this agreement.

Plaintiffs do not argue that false representations were made to any of them to induce their signing this agreement as to the arbitration clause. In fact the three plaintiffs that provided declarations in response to this motion give the same answer as to what was said regarding the

contract in general. Two plaintiffs state that "Mr. Kogan the defendants' representative for Group Americar Transportation LLC ("Americar") did not explain to me any of the terms or conditions of the contract, I was about to sign." [Emphasis Added] See paragraph 2 of the Declaration of Tadeusz Kowalewski ("Kowalewski") dated November 21, 2007 and paragraph 1 of the Declaration of Nicholas Klimiuk ("Klimiuk") dated November 21, 2007. A third plaintiff states "Samandarov did not explain to me any of the terms or conditions of the contract I was about to sign." [Emphasis Added] See paragraph 2 of the Declaration dated November 21, 2007 of Oleg Logunovski ("Logunovski"). Samandarov is Rudolf Samandarov the named individual defendant herein and President of the other two named defendants. Thus, regarding the arbitration agreement there was no discussion as to this clause between the parties prior to their entering into it. In *Garten v Kurth* 265 F. 3d 136 (2d Cir 2001) the court stated that to avoid an arbitration agreement the parties seeking to do so must establish that there was fraud in the procurement of the arbitration clause. In this regard *Garten* stated, "the district court, in considering the sufficiency of the pleadings, should consider the question of fraud only in the *arbitration clause itself*-'the issue goes to the arbitration clause itself, since it is contended that it was to be used to effect the fraudulent scheme.' " Id at 142. In *Garten* the Second Department reversed the District Judge who determined that there had been fraudulent conduct by the party seeking to arbitrate, however determined that this fraudulent conduct was not in the procurement of the arbitration clause and thus the arbitration provision was enforced. Herein the plaintiffs did not allege facts claiming that there was fraud in the procurement of the arbitration clause. Thus the arbitration clause herein should be enforced and this action dismissed.

2

Reply Point 2
<u>A Person Who Signs a Contract Is Presumed to Be Bound</u>

The person who signs the contract is presumed to know the contents and to assent to them. See *Arakawa v Japan Network Group*, 56 F. Supp. 2d 349, 352 SDNY (1999). It is submitted that plaintiffs failed to show facts that warrant compelling this court to disregard the Subscription Agreement and the obligations imposed in the arbitration clause. Plaintiffs certainly have whatever rights they may seek to assert with the American Arbitration Association.

Reply Point 3
<u>Lack of Alternatives to This Agreement Is Without Merit</u>

Plaintiffs claim that they had no alternative other than to enter into the Subscription Agreements. As stated in the Declaration of Rudolf Samandarov there are 699 other New York City Taxi and Limousine Commission licensed bases in which these plaintiffs could have done business with other than Americar. Their claim now to say that they had no other alternative is without merit.

Reply Point 4
Driver Conduct Governed by Independent Committees in the
<u>Black Car Industry Does Not Alter The Driver's Status as an Independent Contractor</u>

Driver conduct governed by Independent Committees in the Black Car Industry does not alter the driver's status as an independent contractor. See *Abouzeid v Tel-A-Car of New York*, 295 AD 2d 376, 377, 743 NYS 2d 165 (2d Dep't 2002). Herein, as in *Abouzeid*, the drivers set their own hours, purchased their own gasoline and EZ passes, were responsible to pay for their own insurance, were responsible for the maintenance of their limousines and may even have hired drivers to work for them. The drivers retain 100% of the cash payments from customers, while the Company earns a processing fee and a percentage of fares from passengers who pay by

3

credit cards or via vouchers. The Company withholds no taxes. The Company provides new drivers with a brief training session, but thereafter the drivers conduct is governed by independent committees. At Americar this committee is selected by the subscribers electing the Chairman who in turn appoints five members.

### Reply Point 5
### Even if the Drivers are not Independent Contractors Arbitration is Appropriate under New York Law

Assuming arguendo, which is definitely not the case, that the drivers are not independent contractors, and rather the drivers are employees whereby the Federal Arbitration Act does not apply, this case should still be dismissed and resolved by arbitration pursuant to the laws of New York law. Paragraph 15 of each of the Subscription Agreements provides:

> "Law to Govern. This Subscription Agreement shall be governed by and construed in accordance with the law of the Stat of New York without reference to the conflicts of laws principles thereof".

Thus this case is also appropriate for arbitration under New York law. See *Valbes v Swift Transportation Co. Inc.* 292 F Supp. 2d 524, 528-530 (SDNY 2003).

### Reply Point 6
### Logunovski Hearsay Statements are Inadmissible

Logunovski claims that he "personally knew a number of drivers, including plaintiffs Nicholas Klimiuk and Tadeusz Kowalewski, who were terminated by Samandarov." See paragraph 10 of this Declaration. However no facts are stated to support these conclusions. I submit that this statement is inadmissible hearsay and should be disregarded.

### Conclusion

By reason of the foregoing request is made that the motion to dismiss the complaint be

4

granted and the dispute herein is to be resolved by arbitration.

Dated:   November 28, 2007

*[signature]*
Eric B. Kaviar, Esq.
EK 0557
Attorney for Defendants
Rudolf Samandarov a/k/a Rudy
Samandarov, Group American
Transportation LLC and
BC Leasing, Corp.
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146

To:   Marina Trubitsky and Associates PLLC
Attorney for Plaintiffs
11 Broadway, Suite 861
New York, New York 10004
(212) 732-7707

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

TADEUSZ KOWALEWSKI, NICHOLAS
KLIMIUK, OLEG LOGUNOVSKI and
STANISLAW PUCHALA, individually and on
behalf of other similarly situated,

        Plaintiffs,

v.

RUDOLF SAMANDAROV a/k/a RUDY
SAMANDAROV, GROUP AMERICAR
TRANSPORTATION LLC, BC LEASING,
CORP. and individual partners of corporate
defendants,

        Defendants.
-----------------------------------------------------------

Affirmation of Service

Civil Action No.
07 CIV 6706

State of New York )
County of Kings   ) ss.:

    Eric B. Kaviar an attorney duly admitted to the Courts of New York state, affirms under the penalties of perjury as follows:

    On November 28 2007 I served on behalf of the defendants its Reply Brief and Declaration of Rudolf Samandarov by depositing a true copy thereof enclosed in a postage-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service in New York State to:

        Marina Trubitsky and Associates PLLC
        11 Broadway, Suite 861
        New York, New York 10004

By: _____
      Eric B. Kaviar

Case 1:07-cv-06706-RJS    Document 24    Filed 11/28/2007    Page 7 of 7